Fremont-Smith, J.
The plaintiffs brought this action originally in the Boston Municipal Court, arising out of defendant’s construction of a faulty foundation for an extension of a residence owned by the plaintiffs. After trial in the District Court, the trial judge found against Brendan Hegarty and Hegarty Construction Co., Inc., in the sum of $5,000, trebled that amount to $15,000 and added $5,000 in attorneys fees under c. 93A, for a total judgment of $50,000.
After retrial in the Superior Court, a jury returned a verdict on May 21, 1997 in the sum of $7,500 for breach of contract and breach of implied warranty against Brendan Hegarty individually, but found in favor of Hegarty Construction Co., Inc. The Court had reserved the G.L.c. 93A claim to itself, and did not submit it to the jury.
Plaintiff has now moved for a trebling of the jury’s award to $22,500, and seeks attorneys fees in the sum of $29,268.56 arising out of the two trials and an appeal to the Appellate Division of the District Court.
Based upon all the credible evidence, the court makes the following findings, rulings and order for judgment with respect to the G.L.c. 93A claim and award of attorneys fees.
FINDINGS
Defendant first contends that there can be no recovery under G.L.c. 93A, §9 because the demand letters were directed only to the corporation (which subsequently went bankrupt) rather than against Brendan Hegarty individually. This overlooks, however, the demand letter dated March 13, 1989, which was addressed to “Mr. Brendan Hegarty, Hegarty Construction, 21 Houghton Street, Dorchester, MA 02122."[1]
The court finds, moreover, that although Hegarty did have a construction corporation called “Hegarty Construction Co., Inc.,” he never used the corporate form in his advertisements or invoices, and consistently answered the telephone at 21 Houghton Street, his home, by responding simply “Hegarty Construction.” Plaintiffs testified that at no time were they apprised that they were dealing with anyone other than Brendan Hegarty, individually, doing business as Hegarty Construction, and indeed, this is borne out by plaintiffs’ original complaint in the Boston Municipal Court, which is against “Brendan Hegarty, dba Hegarty Construction” only. Moreover, state law requires that a corporation include in its name the words “incorporated," “limited” or “an abbreviation thereof.” [2] Although a corporation by the name of “Hegarty Construction Co., Inc.” was organized, Hegarty did not do business with plaintiffs under such a designation or its abbreviation, and the March 13, 1989 demand letter was not addressed to such an entily, but rather was addressed to “Hegarty Construction, Co.,” which the jury obviously found to have been a trade name under which Brendan Hegarty did business individually.
There is no question that Hegarty was engaged in a trade or business when he constructed the faulty foundation at plaintiffs’ home, and the Court finds that the foundation, as originally constructed, was grossly inadequate as it did not extend even the three feet below ground required by the contract, much less the 4 feet below ground required by the State Building Code. The Court further finds that there is no way that such an inadequate foundation could have been constructed accidentally, and that the intentional construction of such an grossly inadequate foundation, and defendant’s subsequent assurances to the plaintiffs that the foundation “was fine,” constituted a knowing and willful unfair and deceptive trade practice. While it may be cumulative and unnecessary to the Court’s finding of a violation of G.L.c. 93A, the Court finds that it was also an unfair and deceptive trade practice for the defendant to have created, at the Secretary of State’s Office, a corporation by the name of “Hegarty Construction Co., Inc.,” and then to do business individually under a deceptively similar trade name, “Hegarty Construction,” and finally to claim, when damages were sought, that the work had been done by his bankrupt corporation.
In mitigation, however, it is true that the defendant, when threatened with legal action, did return to the premises and, at least to a certain extent, remedy the foundation. Accordingly, in view of defendant’s belated remedial work, the court will award double rather than treble damages, so that judgment shall be entered in the sum of $15,000, plus attorneys fees, interest and costs.
With regard to attorneys fees, the attorneys fees of $29,268.56, as itemized in the affidavit of Attorney Douglas W. Salvesen, are fair and reasonable in view of defendant’s conduct having required two trials in the District Court, the defense of an appeal to the Appellate Division of the District Court, and, finally, a jury trial in the Superior Court. Accordingly, attorneys fees are awarded in that amount.
ORDER
It is ORDERED that judgment shall enter for the plaintiff against Brendan Hegarty in the sum of *744 $15,000 plus $29,268.56 attorneys fees, for a total judgment of $44,268.56, plus interest and costs.

 After the juiy verdict was returned, the parties stipulated on the record that, for purposes of the c. 93A count, all of the plaintiffs’ demand letters were to be considered to be in evidence.

 See: 950 CMR 104.03(l)(b).